```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

FIRST CITIZENS BANK AND TRUST   \*
COMPANY, INC.,
                                \*
    Plaintiff,
                                \*
vs.                                    CASE NO. 3:14-CV-104 (CDL)
                                \*
WATSATCH CORP., JOHN W. COOK,
INA QUEEN COOK, JON B. COOK,    \*
and ELAINE P. COOK,
                                \*
    Defendants.

## O R D E R

Defendants failed to answer Plaintiff's complaint. A default judgment was entered that Defendants now seek to set aside. Because Defendants cannot establish any of the essential elements for setting aside a default judgment, their motion (ECF No. 19) is denied. Because Defendants' motion is arguably frivolous, their counsel shall show cause within fourteen days of today's order why counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure and other applicable law, should not be required to pay Plaintiff's attorneys' fees incurred in having to respond to this motion.

Defendants owed a debt to Plaintiff on a promissory note. Defendants subsequently filed for bankruptcy protection under Chapter 11 of the U.S. Bankruptcy Code. During those proceedings, the bankruptcy court approved a reorganization plan

that modified Plaintiff's promissory note.  Defendants defaulted on payments owed pursuant to the reorganization plan and modified promissory note.  Plaintiff filed the present action to collect on the note.  When Defendants failed to answer the complaint within the time required, Plaintiff obtained a default judgment on March 3, 2015.  Consistent with their previous tardy approach, Defendants waited six months to file the present motion to set aside the default judgment.

## DISCUSSION

Defendants seek to set aside the default judgment based on their excusable neglect in failing to answer the complaint. Although excusable neglect may authorize the setting aside of a default judgment, Fed. R. Civ. P. 60(b)(1), the defaulted party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam)).  Defendants have established none of these elements.

First, Defendants have no meritorious defense, and their argument that they do is arguably frivolous.  They contend that the bankruptcy reorganization plan required Plaintiff to provide

Defendants' bankruptcy counsel with actual written notice of any missed payment on the note and that Plaintiff failed to provide such notice.  Defendants' argument misrepresents the contents of the reorganization plan.  No such notice provision was included in the final plan approved by the bankruptcy court.  Section 10.3 of *Defendants' proposed plan* did provide that "written notices [of Defendants' failure to make timely payment on the note] shall be given to the Reorganized Debtors in accordance with the notice provisions in Section 10.10."  Def.'s Mem. in Supp. of Mot. to Set Aside Default J., Ex. A, First Am. Joint Plan of Reorganization § 10.3, ECF No. 21.  Section 10.10 then instructs that notice should be provided to Defendants' bankruptcy counsel.  *Id.* § 10.10.3.  But the bankruptcy court's order confirming the plan of reorganization states "Section 10.3 of the Plan is deleted and replaced with" a new section eliminating any notice requirement.  Pl.'s Resp. to Def.'s Mot. to Set Aside Default J., Ex. A, Order Confirming First Am. Joint Plan of Reorganization 4, ECF No. 22-2.  Thus, the final approved plan did not include the notice provision that Defendants now rely on.  Moreover, Defendants proposed the modification in response to Plaintiff's objection to the notice provision.  *Id.* at 2.  Nothing in the final reorganization plan required Plaintiff to provide written notice of default *to Defendants' counsel.*  Plaintiff did send a demand letter to each

3

Defendant informing them of the default on the note. Compl. Ex. E, Letters from Marion B. Strokes (Oct. 10, 2014), ECF No. 1. Thus, Defendants' suggested defense to the collection action is non-meritorious and arguably frivolous.

Second, the Court finds that Plaintiff would suffer substantial prejudice if the Court set aside the default judgment. Defendants waited until six months after the judgment was entered to even file a motion to set aside the judgment. In that time, Plaintiff has engaged in post-judgment discovery, foreclosed on the property that secured the note, and brought garnishment proceedings in state court. These efforts would all be for naught if the Court were to set aside the default judgment.

Finally, Defendants have not established a reasonable explanation for failing to answer the complaint. They offer two excuses. First, Defendants blame Plaintiff for failing to notify their bankruptcy counsel that they were in default, even though Plaintiff had no obligation to do so, as previously explained. Second, they maintain that some of the Defendants were elderly and/or ill at the time that they received notice of default and thus should be excused from following the law that required them to file a timely answer or suffer the legal consequences. The Court is aware of no binding precedent that excuses a party from filing an answer to a complaint solely

because the party was ill or feeble. Nor does anything in the present record suggest that the parties were legally incompetent during the time that their answers were due. Defendants' excuses do not constitute reasonable neglect.

CONCLUSION

Defendants have failed to demonstrate that the default judgment should be set aside under Rule 60(b)(1). The Court therefore denies Defendants' motion (ECF No. 19).

Finding that Defendants' motion to set aside the default judgment is arguably frivolous under Rule 11 and other applicable law, the Court orders Defendants' counsel to show cause within fourteen days of today's order why counsel should not be personally sanctioned and required to pay Plaintiff's attorneys' fees incurred for having to respond to the present motion. Plaintiff shall submit evidence of its attorneys' fees incurred in having to respond to the motion to set aside judgment within seven days of today's order.

IT IS SO ORDERED, this 22nd day of October, 2015.

                                  s/Clay D. Land
                                  CLAY D. LAND
                                  CHIEF U.S. DISTRICT COURT JUDGE
                                  MIDDLE DISTRICT OF GEORGIA